# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>ANGUS A. JOHNSTON (-1),<br>JONNY SHINEFLEW (-2),<br>TABITHA R. SHINEFLEW (-3),<br>JARED S. PILON (-4),<br>MICHAEL D. SLATER (-5),<br>ANTHONY E. WRIGHT (-6),<br>BRITTNEY R. McDANIEL (-7),<br>ADRIANNA N. McCREA (-8),<br>JORDAN L. YATES (-9), and<br>TYLER A. BORDELON (-10),<br><br>  Defendant. | NO: 2: 19-CR-0215-TOR<br><br>PROTECTIVE ORDER |

BEFORE THE COURT is the United States' Motion for Protective Order Regulating Disclosure of Discovery and Sensitive Information (ECF No. 92). The Court finding good cause therefore, **IT IS HEREBY ORDERED**:

PROTECTIVE ORDER ~ 1

1. The United States' Motion for Protective Order Regulating Disclosure of Discovery and Sensitive Information, ECF No. 92, is **GRANTED.**

2. In order to fulfill its obligations, the United States may disclose to defense counsel of record for each of the Defendants the discovery and sensitive information (herein "Discovery") in its possession.

3. Neither Government personnel nor Defense Counsel shall provide, or make available, the sensitive information in the Discovery to any person, except as specified in this Order or by approval from this Court. Defense Counsel and the Government shall restrict access to the Discovery, and shall only disclose the sensitive information in the Discovery to their client, office staff, investigators, independent paralegals, necessary third-party vendors, consultants, and/or anticipated fact or expert witnesses to the extent that Defense Counsel believes is necessary to assist in the defense of their client in this matter or that the Government believes is necessary in the investigation and prosecution of this matter. No copies of the Discovery shall be left with their client.

4. Third parties contracted by the United States or Defense Counsel, to provide expert analysis or testimony may possess and inspect the sensitive information in the Discovery, but only as necessary to perform their case-related duties or responsibilities in this matter. At all times, third parties shall be subject to the terms of the Order.

5. Discovery in this matter will be available to defense counsel via access to a case file on USA File Exchange. If necessary to review Discovery with their respective clients, Defense Counsel may download the Discovery and duplicate only once. Discovery materials may not be left in the possession of the above-named Defendants. In order to provide Discovery to a necessary third-party vendor, consultant, and/or anticipated fact or expert witness, Defense Counsel may duplicate the Discovery only once. No other copies may be made, by Defense Counsel, third parties or Defendants, without prior approval from this Court.

6. All counsel of record in this matter, including counsel for the United States, shall ensure that any party, including Defendants, who obtains access to the Discovery, is provided a copy of this Order. No other party that obtains access to or possession of the Discovery containing sensitive information shall retain such access to or possession of the Discovery containing sensitive information unless authorized by this Order, nor further disseminate such Discovery except as authorized by this Order or the further Order of this Court. Any other party who obtains access to, or possession of the Discovery, once the other party no longer requires access to or possession of such Discovery, shall promptly destroy or return the Discovery once access to Discovery is no longer necessary. For purposes of this Order, "other party" is any person other than counsel for the United States or Defense Counsel of record.

7. All counsel of record, including counsel for the United States, shall keep a list of the identity of each person to whom the Discovery containing sensitive information is disclosed and who was advised of the requirements of this Order. Neither Defense Counsel, nor counsel for the United States, shall be required to disclose this list of persons unless ordered to do so by the Court.

8. Upon entry of a final order of the Court in this matter and conclusion of any direct appeals, government personnel and Defense Counsel shall retrieve and destroy all copies of the Discovery containing sensitive information, except that Counsel and government personnel may maintain copies in their closed files following their customary archiving procedures.

9. Government personnel and Defense Counsel shall promptly report to the Court any known violations of this Order.

10. This Protective Order applies to all the "sensitive information" as described in the United States motion for protective order, ECF No. 92.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED January 14, 2020.



THOMAS O. RICE
Chief United States District Judge