PROB 12C
(6/16)

Report Date: January 28, 2026

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 28, 2026

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

| | |
|---|---|
| Name of Offender: Michael John Slater | Case Number: 0980 2:19CR00215–TOR-5 |
| Address of Offender: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Spokane, Washington 99207 | |

Name of Sentencing Judicial Officer: The Honorable Thomas O. Rice, U.S. District Judge

Date of Original Sentence: September 9, 2020

| | | | |
|---|---|---|---|
| Original Offense: | Conspiracy to Commit Bank Fraud, 18 U.S.C. § 1349 | | |
| Original Sentence: | Prison - 21 months<br>TSR - 60 months | Type of Supervision: Supervised Release | |
| Asst. U.S. Attorney: | Ann Wick | Date Supervision Commenced: July 12, 2021 | |
| Defense Attorney: | Federal Public Defender | Date Supervision Expires: July 11, 2026 | |

## PETITIONING THE COURT

To issue a warrant.

On July 12, 2021, the probation officer reviewed the conditions of supervision with the offender and he signed said conditions acknowledging an understanding of his requirements.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Special Condition #7**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.<br><br>**Supporting Evidence:** The offender is alleged to have violated special condition number 7, by ingesting a controlled substance, cocaine, on or about December 1, 2025.<br><br>On January 23, 2026, the offender disclosed to the probation officer that he used cocaine on or about December 1, 2025. |
| 2 | **Standard Condition #7**: You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days |

in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

**Standard Condition #4**: You must be truthful when responding to the questions asked by the probation officer.

**Supporting Evidence**: The offender is alleged to have violated standard condition number 4, by failing to maintain employment and failing to inform the probation officer of his change in employment within 72 hours. It is further alleged that he violated standard condition number 4, by being untruthful with the probation officer regarding his employment on or about December 4 and 12, 2025.

On December 4 and 12, 2025, the probation officer questioned the offender regarding his employment status. At that time, he informed the undersigned that he remained employed.

On January 23, 2026, the offender advised the probation officer that he has been unemployed since December 1, 2025. He explained that he lost his job because he refused to provide a urine specimen for drug testing, which his employer requested. It should be noted, his commercial driver's license (CDL) has been suspended due to his refusal.

Given the above information, Mr. Slater lied to the probation officer regarding his employment status, and he failed to notify the undersigned of his change in employment within 72 hours.

3  **Special Condition #7**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence:** The offender is alleged to have violated special condition number 7, by ingesting a controlled substance, methamphetamine, in December 2025.

On January 23, 2026, the probation officer questioned the offender regarding the extent of his drug use. He initially denied use, but ultimately admitted to using methamphetamine "a couple times" in December 2025.

4  **Standard Condition #4**: You must be truthful when responding to the questions asked by the probation officer.

**Supporting Evidence:** The offender is alleged to have violated standard condition number 4, by being untruthful with the probation officer on or about December 12, 2025.

On December 12, 2025, this officer conducted a home visit at the offender's residence. When questioned by the probation officer, Mr. Slater stated that he was maintaining his sobriety.

The offender's statement was not truthful, as he later admitted to the probation officer that he abused illicit substances prior to that meeting.

Prob12C
Re: Slater, Michael John
January 28, 2026
Page 3

| | | |
|---|---|---|
| 5 | | **Special Condition #7**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances. |

**Standard Condition #4**: You must be truthful when responding to the questions asked by the probation officer.

**Supporting Evidence:** The offender is alleged to have violated special condition number 7, by ingesting controlled substances, Hydrocodone and fentanyl, on or about January 16, 2026. Additionally, it is alleged that the offender violated standard condition number 4, by being untruthful with the probation officer regarding his drug use.

On January 16, 2026, Mr. Slater provided a urine specimen that returned presumptive positive for Oxycodone and fentanyl. He denied use of these substances; however, he admitted to ingesting Hydrocone, which had not been prescribed for him.

The urine specimen was thereafter sent to Alere Toxicology Services and it was confirmed positive for fentanyl. As such, he was untruthful with the probation officer regarding his use of fentanyl.

6     **Special Condition #7**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence:** The offender is alleged to have violated special condition number 7, by ingesting a controlled substance, methamphetamine, on or about January 23, 2026.

On January 23, 2026, Mr. Slater provided a urine specimen at the U.S. Probation Office that returned presumptive positive for methamphetamine and fentanyl. At that time, he signed an admission form acknowledging use of methamphetamine; however, he denied use of fentanyl.

The urine specimen has been sent to Alere Toxicology for confirmation; however, results are currently pending.

7     **Standard Condition #13:** You must follow the instructions of the probation officer related to the conditions of supervision.

**Special Condition #7**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: The offender is alleged to have violated standard condition number 13 and special condition number 7, by failing to report to the U.S. Probation Office for urinalysis testing on January 27, 2026, as instructed by the probation officer.

Prob12C
Re: Slater, Michael John
January 28, 2026
Page 4

On January 27, 2026, the probation officer left a voicemail and text message for the offender instructing him to report to the U.S. Probation Office for urinalysis testing by 4:30 p.m., on that same date.

Mr. Slater failed to report to for urinalysis testing on January 27, 2026, as instructed by the probation officer.

The U.S. Probation Office respectfully recommends the Court issue a warrant requiring the offender to appear to answer to the allegation(s) contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   January 28, 2026

s/Lori Cross

Lori Cross
U.S. Probation Officer

---

THE COURT ORDERS

[ ]   No Action
[X]   The Issuance of a Warrant
[ ]   The Issuance of a Summons
[ ]   The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
[ ]   Defendant to appear before the Judge assigned to the case.
[X]   Defendant to appear before the Magistrate Judge.
[ ]   Other

Thomas O. Rice

Signature of Judicial Officer

January 28, 2026

Date